IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PSM IP Limited, a British Virgin Islands Corp. | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 3:08-135 |
| v. | )<br>) |
| Peninsula Components, Inc. d/b/a/ Pencom | ) **JURY TRIAL DEMANDED**<br>) |
| Defendant. | ) |

## ANSWER

Defendant PENINSULA COMPONENTS, INC., d/b/a PENCOM, a California corporation ("Defendant") hereby answers the Complaint For Patent Infringement ("Complaint") of Plaintiff PSM IP LIMITED, a British Virgin Islands corporation ("Plaintiff") as follows:

1. Answering paragraph 1 of the Complaint, on information and belief, Defendant admits that Plaintiff is incorporated under the laws of the British Virgin Islands.

2. Answering paragraph 2 of the Complaint, Defendant admits it is a California corporation, having a business address at 6012 Old Pineville Road, Unit E, Charlotte, North Carolina 28217.

3. Answering paragraph 3 of the Complaint, Defendant admits said paragraph asserts that this is an action arising under the Patent Laws of the United

1

States, United States Code Title 35; that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a); and that this Court has personal jurisdiction over Defendant, which states a legal conclusion to which no response is required. Except as so admitted, Defendant denies each and every allegation contained in paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendant denies that the U.S. Patent No. Re. 34,928 (the "'928 patent"), attached as Exhibit A to the Complaint, was issued on May 25, 1995, in light of the fact that Exhibit A on its face shows an issue date of May 2, 1995. As to every other allegation in paragraph 4, Defendant denies each and every one.

5. Answering paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Answering paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint, Defendant admits it sells a part that is a fastener labeled with the number TWZ-440-224 fastener. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

8. Answering paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

10. Based on the information presently available to it, or information believed to be available after a reasonable opportunity for further investigation or discovery, Defendant alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

11. Defendant has not and does not infringe the '928 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

12. Defendant states that the Complaint and the cause of action stated therein are barred because Plaintiff failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

13. Defendant states that the Complaint and the cause of action stated therein are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

14. Plaintiff's claims for relief are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

15.     Plaintiff's claims for relief for infringement are barred in whole or in part for failure to comply with the requirements of 35 U.S.C. § 287.

### .SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

16.     Plaintiff's claims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Plaintiff has adequate remedies at law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

17.     If Plaintiff suffered any damages, Plaintiff failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Other Affirmative Defenses Based on Later Discovered Evidence)

18.     Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, the trademark laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

A.      Enter judgment for Defendant and against Plaintiff for noninfringement of the '928 patent;

4

  B. Defendant be awarded its own costs and attorney's fees as and when this Court deems just, reasonable, and proper, and

  C. Award Defendant such other and further relief as the Court may deem just, reasonable, and proper.

  Defendant Pencom demands a jury trial.

  This the 26th day of June, 2008.

           Respectfully submitted,

           <u>s/ J. Mark Wilson</u>
           Gregory J. Murphy
           Bar Number 16458
           J. Mark Wilson
           Bar Number 25763
           Attorneys for Defendant
           Moore & Van Allen PLLC
           Suite 4700
           100 North Tryon Street
           Charlotte, NC  28202-4003
           T  704 331 1177
           F  704 339 5981
           markwilson@mvalaw.com

# **CERTIFICATE OF SERVICE**

J. Mark Wilson, attorney for Defendant Pencom, certifies that he served the foregoing ANSWER on the 26th day of June, 2008, by using the CM/ECF system to send notification of such filing to the following:

> Jonathan Berkelhammer
> SMITH MOORE LLP
> 300 N. Greene Street, Suite 1400
> Greensboro, North Carolina  27420
> Telephone: 336-378-5200
> jon.berkelhammer@smithmoorelaw.com
>
> Attorneys for Plaintiff

s/ J. Mark Wilson